UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

James E. Brown,

      Plaintiff,

v.                                          Civil Case No. 19-cv-12811

David Shaw, *et. al.*,                   Sean F. Cox
                                          United States District Court Judge

      Defendant.

_____/

**OPINION AND ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Plaintiff, James Edward Brown ("Brown") sued two individual City of Detroit police officers and the City of Detroit (the "City") (collectively "Defendants") for two 42 U.S.C. §1983 violations: one count of excessive force against the individual officers; and one count of excessive force, false arrest, and false imprisonment against the City. (Am. Compl. ECF No. 15 at 4-7). Brown also alleged two state law claims against all Defendants: one count of assault, battery, and excessive force; and one count of false arrest and false imprisonment. (Am. Compl. at 8-11). The matter currently before the Court is Defendants' Motion for Summary Judgment brought pursuant to Fed. R. Civ. P. 56. A zoom hearing was held on January 14, 2021. For the reasons set forth below, the Court DENIES Defendants' Motion for Summary Judgment.

**BACKGROUND**

Brown commenced this action in this Court on September 26, 2019 against two unidentified police officers and the City. (Compl. ECF No. 1 at 12). After discovery allowed Brown to identify the individual officers involved in his arrest, he filed an Amended Complaint

including David Shaw ("Shaw") and Shawn Stallard ("Stallard") as Defendants. (Am. Compl.).

As such, that pleading superseded and replaced the original complaint.

On September 30, 2020, based on the stipulation of all parties, this Court dismissed all

claims against the City without prejudice. (ECF No. 33). Thus, the only viable claims that remain

are: Count I (§1983 Violation – Excessive Force – Police Officers); Count III (State Law Claim

– Assault and Battery – Excessive Force – Police Officers); and Count IV (State Law Claim –

False Arrest and False Imprisonment – Police Officers). (Am. Compl.).

With respect to summary judgment motions, this Court's practice guidelines, included in

the Scheduling Order and provide, consistent with Fed. R. Civ. P. 56 (c) and (e), that:

> a.  The moving party's papers shall include a separate document entitled
> Statement of Material Facts Not in Dispute.  The statement shall list in separately
> numbered paragraphs concise statements of each undisputed material fact,
> supported by appropriate citations to the record. . .
>
> b.  In response, the opposing party shall file a separate document entitled Counter-
> Statement of Disputed Facts.  The counter-statement shall list in separately
> numbered paragraphs following the order or the movant's statement, whether
> each of the facts asserted by the moving party is admitted or denied and shall also
> be supported by appropriate citations to the record.  The Counter-Statement shall
> also include, in a separate section, a list of each issue of material fact as to which
> it is contended there is a genuine issue for trial.
>
> c.  All material facts as set forth in the Statement of Material Facts Not in Dispute
> shall be deemed admitted unless controverted in the Counter-Statement of
> Disputed Facts.

(Scheduling Order at 3).

The parties complied with the Court's practice guidelines for summary judgment motions

such that Defendants' motion includes a "Statement of Material Facts Not In Dispute" ("Def's.

"Stmt.") and Plaintiff's response brief includes a "Counter-Statement of Disputed Facts" ("Pl.' s

Stmt.").

The Court's practice guidelines direct the parties to support their assertions in their Statement of Material Facts Not in Dispute with appropriate citations to the record, including but not limited to the pleadings, interrogatories, admissions, depositions, affidavits, and documentary exhibits. (Scheduling Order at 3). In violation of these guidelines and Fed. R. Civ. P. 56(c), Defendants did not support their factual assertions with citations to the record. Defendants provided a Statement of Material Facts Not in Dispute, but they did not support a single assertion with a citation to the record nor did they submit any exhibits. (ECF No. 31). In his Counter Statement of Disputed Facts, Brown did support his assertions with citations to his attached affidavit (ECF No. 37-1) and a video that his neighbor took of the incident (ECF No. 37-4).

As Defendants have only made unsupported assertions as to the facts of this case, the following relevant material facts are gleaned from Brown's Affidavit (ECF No. 37-1) and the video taken by his neighbor (ECF No. 37-4), viewed in the light most favorable to Brown, the non-moving party.

This matter arises out of Brown's arrest on June 27, 2019. (Brown Aff. at 5). Brown got into a verbal argument with his ex-girlfriend and her relatives in the early afternoon outside of his home. (Brown Aff. at 2). He told his ex-girlfriend and her relatives to leave, and he went inside and went to sleep. (Brown Aff. at 2). Brown woke up to the sound of a loudspeaker "yelling something about a well-being check." (Brown Aff. at 2). Brown did not think that it involved him, so he went back to sleep. (Brown Aff. at 2). He woke up a second time because tear gas was shot into his bedroom. (Brown Aff. at 3). Shots were fired into his home all around him. (Brown Aff. at 3). The shots scared him, so Brown went into his basement, but when he

3

was there, more shots came through the basement windows, so he returned upstairs. (Brown Aff. at 3).

When upstairs, he saw "a whole lot of police all around the front yard." (Brown Aff. at 3). The police officers told Brown to come out of his house showing his hands, and Brown "slowly walked out of the front door of [his] home with [his] hands clasped behind [his] head [and] slowly walked down the front porch." (Brown Aff. at 3). Brown asked, "If you're coming to make a well-being check, why are you shooting up my house like this?" (Brown Aff. at 3). An officer told Brown to walk backwards towards him, so Brown turned around and walked backward to him. (Brown Aff. at 3). After an officer told him to "get on the ground," Brown responded several times, "I can't be getting down on the ground. I have a bad back. You can just come up and handcuff me." (Brown Aff. at 4). Brown has been disabled and has suffered from a back injury for approximately 10 years. (Brown Aff. at 4).

Brown told the officers that he didn't have any weapons in his waistband and lifted up his shirt to show that them. (Brown Aff. at 4). After raising his shirt, he put his hands back clasped behind his head. (Brown Aff. at 4). Despite complying with the officers' commands, the officers fired a round into his back. (Brown Aff. at 4). After Brown screamed in pain and crumpled to the ground, officers rushed over and handcuffed him behind his back. (Brown Aff. at 4). Brown told the officers that he was carrying a small hand knife in his pants pocket. (Brown Aff. at 4).

Brown was transported to Detroit Receiving Hospital before he was taken to the Detroit Detention Center. (Brown Aff. at 5). Once at the Detention Center, Brown told a detective what had happened, but he remained in custody for four days without any charges or hearing before

being released. (Brown Aff. at 5). Brown was never charged with any crimes related to these events. (Brown Aff. at 5).

Brown has reviewed the video taken by his neighbor and sworn that it accurately shows what happened during the June 27, 2019 incident. (Brown Aff. at 5).

## STANDARD OF REVIEW

Summary judgment will be granted where there exists no genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). No genuine issue of material fact exists where "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elect. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "The mere existence of a scintilla of evidence in support of the [non-moving party]'s position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson*, 477 U.S. at 252. The Court "must view the evidence, all facts, and any inferences that may be drawn from the facts in the light most favorable to the non-moving party." *Skousen v. Brighton High Sch.*, 305 F.3d 520, 526 (6th Cir. 2002).

Further, "[i]t is an error for the district court to resolve credibility issues against the nonmovant . . . ." *CenTra, Inc. v. Estrin*, 538 F.3d 402, 412 (6th Cir. 2008). "In effect, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true . . . ." *Id.* (quoting *Ctr. for Bio–Ethical Reform, Inc. v. City of Springboro*, 477 F.3d 807, 820 (6th Cir. 2007)).

## ANALYSIS

In their Motion for Summary Judgment, Defendants argue that Shaw and Stallard are entitled to qualified good faith immunity from Brown's federal claim under 42 U.S.C. §1983.

"Under the doctrine of qualified immunity, government officials, including police officers, will not be held liable on a plaintiff's claim for civil damages so long as their conduct does not violate clearly established statutory or constitutional rights which the reasonable officer in the defendants' position would have known." *Kostrzewa v. City of Troy*, 247 F.3d 633, 641 (6th Cir.2001); see also *Schreiber v. Moe*, 596 F.3d 323, 329 (6th Cir.2010); see also *Thomas v. Cohen*, 304 F.3d 563, 568 ("[G]overnment actors, including police officers, have the freedom to perform their official duties without fear that even a slight misstep will trigger their financial ruin.").

Determining whether government officials are entitled to qualified immunity generally requires two inquiries: 1) whether, viewing the facts in the light most favorable to the plaintiff, the plaintiff has shown that a constitutional violation occurred; and 2) whether the right was "clearly established" at the time of the violation. *Saucier v. Katz*, 533 U.S. 194, 201 (2001); *Harris v. City of Circleville,* 583 F.3d 356, 365 (6th Cir. 2009); *Phillips v. Roane County,* 534 F.3d 531, 538 (6th Cir. 2008). The Court is free to consider those inquiries in whatever order it deems appropriate in the light of the issues presented. *Jones v. Byrnes,* 585 F.3d 971, 974 (6th Cir. 2009).

"[A] qualified immunity defense can be raised at various stages of the litigation including at the pleading stage in a motion to dismiss, after discovery in a motion for summary judgment, or as an affirmative defense at trial." *English v. Duke,* 23 F.3d 1086, 1089 (6th Cir. 1994). The Supreme Court, however, has reiterated that questions of qualified immunity should be resolved at the earliest possible stage in the litigation or the "driving force" behind the immunity— avoiding unwarranted discovery and other litigation costs—will be defeated." *Everson v.*

*Leis,* 556 F.3d 484, 492 (6th Cir. 2009) (quoting *Pearson v. Callahan,* 555 U.S. 223, 129 S.Ct.

808, 172 L.Ed.2d 565).

"Qualified immunity is an affirmative defense, and a defendant bears the burden of

pleading it in the first instance." *T.S. v. Doe,* 742 F.3d 632, 635 (6th Cir. 2014). "Once the

defendant raises a qualified-immunity defense, the burden shifts to the plaintiff to demonstrate"

both that the challenged conduct violated a constitutional right and that the right was

clearly established. *Id.* "If the plaintiff fails to establish either element, the defendant is immune

from suit." *Id.*

**1) Are Defendants Entitled to Qualified Immunity In Their Individual Capacities on**

**Plaintiff's Excessive Force Claim?**

Defendants argue that they are entitled to qualified immunity on Plaintiff's excessive

force claim. In the excessive force context, the second prong of qualified immunity analysis—

whether the right is clearly established—is easily resolved; the Sixth Circuit has held that the

right to be free from excessive force is a clearly established right for purposes of the qualified

immunity analysis. *Kostrzewa*, 247 F.3d at 641 (6th Cir. 2001); see also *Harris*, 583 F.3d at 367

(6th Cir. 2009) ("Under this circuit's existing case law, there undoubtedly is a clearly established

legal norm precluding the use of violent physical force against a criminal suspect who already

has been subdued and does not present a danger to himself or others.").

The question then becomes whether Defendants violated Brown's right to be free from

excessive force and, if so, whether Defendants knew they were doing so. "The question of

whether the reasonable officer would have known his conduct violated clearly established

constitutional rights can be answered by the initial inquiry of whether the officer's use of force

7

was objectively reasonable." *Kostrzewa*, 247 F.3d at 641. Thus, whether Defendants are entitled

to qualified immunity on the excessive force claim depends on whether the officer used

excessive force, i.e. whether the officer's use of force was objectively reasonable. *Id*. (citing

*Martin v. Heideman*, 106 F.3d 1308, 1312–13 (6th Cir. 1997)); see also *Cohen*, 304 F.3d at 569

("Whether an official protected by qualified immunity may be held personally liable for an

allegedly unlawful official action generally turns on the objective legal reasonableness of the

action.") (internal quotation marks and citation omitted).

Brown testified that after complying with the police officers' demands and requesting

them to come handcuff him, the officers shot him in his back. (Brown Aff. at 4). While there is

no clear audio of the conversation between Brown and the officers, the video footage clearly

shows the officers shooting Brown as he stood with his hands above his head clasped behind his

neck. (ECF No. 37-4). Defendants have not provided any citations to the record to support their

claim that this conduct was reasonable. Under Fed. R. Civ. P. 56(c), this Court cannot consider

Defendants' unsupported assertions made in their brief and Statement of Material Facts Not In

Dispute for a motion for summary judgment.

The Court finds that, based on Brown's Affidavit and the video footage, there is a

genuine issue of material fact as to whether Shaw and Stallard used excessive force in their

encounter with Brown.

Accordingly, the Court DENIES qualified immunity to Shaw and Stallard on Brown's

§1983 excessive force claim.

8

**2) Are Defendants Entitled to Governmental Immunity On Plaintiff's Assault And Battery, False Arrest, And False Imprisonment Claims?**

Defendants argue that they are entitled to governmental immunity from Brown's state claims for assault and battery, false arrest and false imprisonment. (Def's Br. at 13).

"Michigan's Government Tort Liability Act shields government employees with immunity unless the employee's conduct rises to the level of 'gross negligence' or their conduct constitutes an 'intentional tort.'" *Peterson v. Heymes*, 931 F.3d 546, 557 (6th Cir. 2019) (citing M.C.L. §691.1401). See also *Odom v. Wayne County*, 482 Mich. 459, 760 N.W.2d 217 (2008). For intentional torts, such as those at issue here, Defendants carry the burden to raise and establish governmental immunity by showing that: "(1) the employee's challenged acts were undertaken during the course of employment and that the employee was acting, or reasonably believed that he was acting, within the scope of his authority, (2) the acts were undertaken in good faith, and (3) the acts were discretionary, rather than ministerial, in nature." *Peterson*, 931 F.3d at 557 (quoting *Odom*, 760 N.W.2d at 218).

Defendants' argument fails because they have not presented any support for their argument and the burden is on them to establish their entitlement to immunity from Brown's state-law claims. Defendants only included one small paragraph to argue for governmental immunity for these claims:

> Plaintiff's state claims for assault and battery, false arrest and false imprisonment also fail as there was probable cause for the arrest and the Officers were engaged in a governmental function of police work using only necessary force to effect the arrest. Thus, Defendants are entitled to governmental immunity pursuant to MCLA 691.1407.

9

(Def's Br. at 13). This is insufficient to convince this Court that Defendants should be entitled to governmental immunity under the test set forth by the Michigan Supreme Court in *Odom*. *Odom*, 760 N.W.2d at 228. Defendants have only made unsupported assertions in their brief and Statement of Material Facts Not In Dispute, which cannot be considered for a motion for summary judgment under Fed. R. Civ. P. 56 (c).

Accordingly, the Court DENIES qualified immunity to Shaw and Stallard on Brown's state claims.

## CONCLUSION

For the reasons explained above, IT IS SO ORDERED that Defendants' motion for summary judgment is DENIED.

IT IS SO ORDERED.

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: January 22, 2021